**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> M & J MECHANICAL CONTRACTORS, INC. ) <br> and MID-CONTINENT PLUMBING, INC., ) <br> Defendants. ) | Case No. 08 C 1625 <br><br> Judge Der-Yeghiayan |

**PLAINTIFFS' MOTION FOR DEFAULT
AND TO COMPEL AN AUDIT**

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), and James S. Jorgensen, by their attorneys, state:

1. On March 20, 2008, plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times the defendant has an obligation, arising from a collective bargaining agreement to make contributions to plaintiffs' Funds and to submit to an audit upon demand.

2. On March 21, 2008, plaintiffs' special process server, M. Andre Smith served Mid-Continent Plumbing, Inc's Registered Agent, Thomas E. Patterson, by handing a copy of the summons and complaint to his secretary, Meghan Rudley, at the Registered Agent's office at 33 North LaSalle Street, Suite 3350, Chicago, Illinois. A copy of the return of service is attached as Exhibit A. The plaintiffs also served the Registered Agent for M & J Mechanical Contractors, Inc., by handing a copy of the summons and complaint to Meghan Rudley, the secretary for Registered Agent Thomas E. Patterson at his address at 33 North LaSalle Street, Suite 3350, Chicago, Illinois.

A copy of that return of service is attached hereto as Exhibit B.

3. More than twenty days have passed since the service of the summons and the complaint, and the defendant has failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Copy of this motion will be sent to the Company Registered Agent, Thomas E. Patterson, at 33 North LaSalle Street, 3350, Chicago, Illinois 60606. Richard J. Ottens at 247 W. Golfview, Terrace, Palatine IL 60067.

4. The Funds are entitled to perform a payroll audit as required by Article VIII, paragraph 4 of the collective bargaining agreement which provides:

> The Trustees of the aforementioned Welfare and Pension Funds and the Union shall have the authority to audit the books and records of a participating Employer, either directly or through their authorized representative, whenever such examination is deemed necessary for the purpose of compliance with the provisions of this agreement.
> Each participating Employer shall make its books and records available to the Trustees for such purpose. In the event the audit discloses that the Employer, during the period of the audit, has underpaid its contributions and/or wages, the Employer shall be liable for the costs of the examination, including but not limited to audit fees and reasonable attorneys' fees.

5. Plaintiffs are seeking an audit of both M & J Mechanical Contractors, Inc., ("M & J") and Mid-Continental Plumbing, Inc., ("Mid-Continental"). M & J is a signatory and obligated to produce books and records for an audit by the Agreements. Mid-Continental is being sued as a single employer with M & J, which has been determined by the Court in *Laborers' Pension Fund et al,.v. M & J Mechanical Contractors, Inc., et al.,* Case No. 03 C 1792 (N.D. Ill.) (Gottschall, J.)(Order dated May 22, 2007, docket No. 104)(attached to the Complaint as Exhibit B). As a single employer with M & J, both entities must produce books and records for an audit.

6. To date, both Companies failed to supply the Funds with sufficient information concerning the amount of contributions owed. An audit is necessary to identify the employees performing covered work and determine the amount of contributions owed to the Funds for the period from January 1, 2005 through the present. The attached notice from the Funds' auditor specifies the documents necessary to perform the audit (Exhibit C).

**WHEREFORE,** plaintiffs request entry of an order of default against defendant M & J by and through its President, Michael J. Oldedstadt compelling the defendants to submit to a complete payroll audit of both M & J and Mid-Continental's books and records as described in Exhibit C.

Plaintiffs request that the defendant submit to an audit with ten days of receipt of the order and to contact the plaintiffs' counsel to arrange production of their books and records for an audit. A draft order is attached.

Respectfully submitted,

/s/Karen I. Engelhardt

One of Plaintiffs' attorneys

ALLISON, SLUTSKY & KENNEDY, P.C.
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400                                            April 29, 2008

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Laborers' Pension Funds et al.,

V.

M&J Mechanical Contractors, Inc., & Mid-Continent Plumbing, Inc.

CASE NUMBER: 08CV1625

ASSIGNED JUDGE: JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COLE

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

M&J Mechanical Contractors, Inc.
Registered Agent
Thomas E. Patterson
33 N. LaSalle St., Suite 3350
Chicago, IL 60602

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

N. Elizabeth Reynolds
Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Michael W. Dobbins, Clerk**

J. Cervantes

(By) DEPUTY CLERK

March 20, 2008

Date

**Exhibit A**

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me [1] | DATE 3-21-08 |
| NAME OF SERVER *(PRINT)* M. Andre Smith | TITLE Process Server |

Check one box below to indicate appropriate method of service

- ☐ Served personally upon the defendant. Place where served: Personally handed summons and complaint to Meghan Rudley, Secretary for Thomas E. Patterson, RA for M&J Mechanical Contractors. Service was effected at the address of 33 N. LaSalle St., #3550, Chicago, IL, at the hour of 4:30 p.m., March 21, 2008

- ☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

    Name of person with whom the summons and complaint were left: _____

- ☐ Returned unexecuted: _____

- ☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  3-21-08
            Date

Signature of Server   M. Andre Smith

LAW OFFICES
ALLISON, SLUTSKY & KENNEDY, P.C.
SUITE 2600
230 WEST MONROE STREET
CHICAGO, ILLINOIS 60606
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Laborers' Pension Funds et al.,

V.

M&J Mechanical Contractors, Inc., & Mid-Continent Plumbing, Inc.

CASE NUMBER: 08CV1625
ASSIGNED JUDGE: JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COLE

DESIGNATED
MAGISTRATE JUDGE:

TO: (Name and address of Defendant)

Mid-Continent Plumbing, Inc.
Registered Agent
Thomas E. Patterson
33 N. LaSalle St., Suite 3350
Chicago, IL 60602

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

N. Elizabeth Reynolds
Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, IL 60606

an answer to the complaint which is herewith served upon you, within ____20____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

J Cervantes
------------------------
(By) DEPUTY CLERK

March 20, 2008
------------------------
Date

**Exhibit B**

AO 440 (Rev. 05/00) Summons in a Civil Action

### RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | 3-21-08 |
| NAME OF SERVER (PRINT) M. Andre Smith | TITLE Process Server |

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: Personally handed summons and complaint to Meghan Rudley, Secretary for Thomas E. Patterson, RA for Mid-Continent Plumbing, Inc. Service was effected at the address of 33 n. LaSalle St., #3350, Chicago, IL, at the hour of 4:30 p.m,, March 21, 2008

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  3-21-08
             Date

Signature of Server  M. Andre Smith

LAW OFFICES
ALLISON, SLUTSKY & KENNEDY, P.C.
SUITE 2500
230 WEST MONROE STREET
CHICAGO, ILLINOIS 60606
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

ADDENDUM A

RECORDS REQUIRED TO BE RETAINED BY EMPLOYERS

AND PRODUCED FOR AUDITS

The following records shall be maintained and retained by all contributing employers to the Benefit Funds for at least six years from the contribution date and shall be produced for inspection and copying by an auditor of the Benefit Funds upon written request:

1. Quarterly and annual payroll tax returns, including, but not limited to, federal quarterly form 941's, federal annual form W-2's, W-3's, 940's, 1099's and state quarterly unemployment returns (form UC-3).

2. Payroll journals and/or registers which include or identify employees' social security numbers, hourly rates of pay, hours worked and the time period in which the work was performed.

3. Individual earnings records for all employees of the employer not shown on payroll journals or registers, including social security number and work classification (or code or clock or ID number), hourly rates of pay, hours worked and the time period in which the work was performed.

4. Cash disbursement journals and general ledgers.

5. Copies of all contribution reports and proof of payment (canceled checks or records of canceled checks) of all contributions to the Laborers' Funds and to all other trade union fringe benefit funds to which the employer contributed.

6. Copies of all dues records and proof of payment (canceled checks or records of canceled checks) of all union dues submitted to the Laborers' District Council.

7. Records showing all amounts paid to all persons or entities that performed work for the employer as independent contractors or subcontractors, if any, including copies of any federal form 1099's issued by the employer.

8. Daily time records filed by employees or supervisors.

9. Source documents and lists of job codes and equipment codes.

10. Certified payrolls for public sector jobs where such payrolls are required.

11. Employee personnel files including, but not limited to, last known addresses and telephone numbers, any documents which demonstrate employees' job classifications and/or status as an apprentice, journeyman, foreman, superintendent, or supervisor. (Confidential medical records or other private records not relevant to the establishment of an employee's job classification shall not be disclosed.)

**Exhibit C**

12. Bank account statements and canceled checks from any account used in conjunction with the employer's business.

13. If records of all hours worked, rates of pay and classifications are not provided in the records listed in items 1 through 10, the employer shall maintain monthly lists of all employees not shown on payroll records, showing Social Security number and work classification (or code or clock or ID number), rates of pay and hours worked.

Honor Roll Employers shall be required only to produce basic records needed by the Benefit Funds' auditors to do an audit, specifically items 1 through 7 above. However, if an initial examination of such limited records discloses significant record keeping errors or failures to contribute, the auditor may request additional records listed above. In the absence of evidence of a deliberate failure by an Honor Roll Employer to contribute on behalf of a bargaining unit employee, the rebuttable presumptions provided for in the attached Policy for Retention and Production of Employer Records shall not apply to such Honor Roll Employer.

Notwithstanding the foregoing, the Collection Committee or the Director of the Field Department may, in their discretion, determine that a full audit shall be done of any employer or that, where a sampling audit is to be conducted, specific records shall be produced. The judgment of the trustees in interpreting and applying this policy shall be conclusive and binding on all parties.

Adopted January 9, 2002

Xan 2001: Laborers Funds..LCOLL.audit 1-8-02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LABORERS' PENSION FUND and ) <br> LABORERS' WELFARE FUND OF THE ) <br> HEALTH AND WELFARE DEPARTMENT ) <br> OF THE CONSTRUCTION AND GENERAL ) <br> LABORERS' DISTRICT COUNCIL OF ) <br> CHICAGO AND VICINITY, and JAMES S. ) <br> JORGENSEN, Administrator of the Funds, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> M & J MECHANICAL CONTRACTORS, INC. ) <br> and MID-CONTINENT PLUMBING, INC., ) <br> Defendants. ) | Case No. 08 C 1625 <br><br> Judge Der-Yeghiayan |

## ORDER

This cause coming to be heard before the Court on Plaintiffs' Motion for Default and to Compel an Audit; due notice having been given to the defendant, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED:**

1. A default is entered against the defendants, M & J Mechanical Contractors, Inc., and Mid-Continent Plumbing, Inc.

2. The defendants, M & J Mechanical Contractors, Inc., and Mid-Continent Plumbing, Inc., by and through their President, Michael J. Oldedstadt shall permit inspection by the Funds' auditors of the books and records for the period from January 1, 2005, through the present for both entities, including but not limited to the following:

    1. Quarterly and annual payroll tax returns, including, but not limited to, federal quarterly form 941's, federal annual form W-2's, W-3's, 940's, 1099's and state quarterly unemployment returns (form UC-3).
    2. Payroll journals and/or registers which include or identify employees' social

    security numbers, hourly rates of pay, hours worked and the time period in which the work was performed.

3. Individual earnings records for all employees of the employer not shown on payroll journals or registers, including social security numbers and work classifications (or code or clock or ID number), hourly rates of pay, hours worked and the time period in which the work was performed.

4. Cash disbursement journals and general ledgers.

5. Copies of all contribution reports and proof of payment (canceled checks or records of canceled checks) of all contributions to the Laborers' Funds and to all other trade union fringe benefit funds to which the employer contributed.

6. Copies of all dues records and proof of payment (canceled checks or records of canceled checks) of all union dues submitted to the Laborers' District Council.

7. Records showing all amounts paid to all persons or entities that performed work for the employer as independent contractors or subcontractors, if any, including copies of any federal form 1099's issued by the employer.

8. Daily time records filed by employees or supervisors.

9. Source documents and lists of job codes and equipment codes.

10. Certified payrolls for public sector jobs where such payrolls are required.

11. Employee personnel files including, but not limited to, last known addresses and telephone numbers, any documents which demonstrate employees' job classifications and/or status as an apprentice, journeyman, foreman, superintendent, or supervisor, (confidential medical records or other private records not relevant to the establishment of an employee's job classification shall not be disclosed.)

12. Bank account statements and canceled checks from any account used in conjunction with the employer's business.

13. Records of all hours worked, rates of pay and classifications are not provided in the records listed in items 1 through 10, the employer shall maintain monthly lists of all employees not shown on payroll records, showing social security numbers and work classifications (or code or clock or ID number), rates of pay and hours worked.

3. Defendants, through their Company President, Michael J. Oldedstadt shall permit plaintiffs'

auditors access to the books and records at a mutually convenient time and place within ten days of service of this order. To comply with this order Michael J. Oldedstadt shall contact plaintiffs' counsel, Karen I. Engelhardt at Allison, Slutsky & Kennedy, P.C., 230 W. Monroe Street Suite 2600, Chicago, IL 60606 at (312) 364-9400 to arrange at time for plaintiffs' auditors to review the Company documents within ten days of service of this order.

**E N T E R E D**

**United States District Court**

**Date:** _____